IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SARAH DONICA and PAMELA CRAVEN, Each Individually and on Behalf of All Others Similarly Situated, and BRANDON STEPHENS, DAVID SPIRES and LAVERNE SPIRES, § § § § § § Plaintiffs, § § v. § § § CIVIL ACTION NO. 7:22-cv-00173 TRUE STAR CAPITAL, LLC, BRANT § GREATHOUSE and CARL MOORE, § § Defendants. § | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

COME NOW Plaintiffs Sarah Donica ("Donica") and Pamela Craven ("Craven"), each individually and on behalf of all others similarly situated, and Brandon Stephens ("Stephens"), David Spires ("D. Spires"), and Laverne Spires ("L. Spires") and Defendants True Star Capital, LLC, Brant Greathouse, and Carl Moore ("Defendants"), by and through their undersigned counsel of record file this Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice, asking the Court to (1) approve the Parties' Confidential Settlement Agreement and Release ("Settlement Agreement"), filed under seal as Exhibit A, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate, and directing consummation of its terms and provision; and (2) enter judgment dismissing this litigation on the merits and with prejudice. The Parties respectfully state as follows in support of this Motion:

### I. THE NEED FOR COURT APPROVAL

This litigation involves claims for unpaid wages brought under the Fair Labor Standards Act ("FLSA"). The FLSA provides that "any employer who violates the provisions of section 206

or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982)).

There is conflicting authority among circuits regarding whether such claims may be settled in the absence of Court approval. As the Seventh Circuit stated, the FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). The Seventh Circuit maintains that because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id.*

The Fifth Circuit, however, has enforced a private compromise of an FLSA claim negotiated between an employer and employee even in the absence of court approval, where there existed "a bona fide dispute as to the amount of hours worked or compensation due." *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012).

Given the conflicting authority on this issue and out of an abundance of caution, the Parties request Court approval of their Settlement Agreement. Although the Parties have decidedly different views of the merits of the litigation, all agree the Settlement Agreement is fair and represents a reasonable compromise of the disputed issues in this case.

The Parties also jointly request the Court review the Settlement Agreement confidentially and under seal. In the alternative, the Parties request permission to submit a redacted Settlement Agreement for the Court's review and approval.

## II. THE COURT SHOULD APPROVE THE SETTLEMENT

The settlement between the Parties was reached as a result of contested litigation to resolve bona fide disputes. The Settlement Agreement is a fair and reasonable compromise of the contested issues. Because the Settlement Agreement resolves bona fide disputes and was reached after vigorous arms-length settlement negotiations, it should be approved.

### A. The Settlement Amount & Allocation

Under the terms of the Settlement Agreement, Defendants agree to pay a sum certain ("Gross Settlement Amount") to fully resolve this litigation.

The Parties agree that Donica, Craven, Stephens, D. Spires, and L. Spires ("Named Plaintiffs"), and Opt-In Plaintiff Douglas Mayers ("Opt-In Plaintiff," and, together with Named Plaintiffs, "Plaintiffs") are eligible to participate in the settlement. The Gross Settlement Amount covers amounts to be paid to Plaintiffs, any attorney's fees and costs, and any administrative costs.

In exchange for their share of the settlement amount, Plaintiffs will agree to generally release any claims against Defendants.[1] Each Plaintiff's share of the Gross Settlement Amount is detailed in Exhibit A to the Settlement Agreement; these allocations were provided by Plaintiffs' counsel. Of the Gross Settlement Amount, Plaintiffs' Counsel seeks to recover their attorneys'

---

[1] The Released Claims include (1) any wage and hour claim of any type of any Plaintiff including without limitation any claim under the FLSA or any state or local law pertaining to wages or wage payments, and any other claim for any type of wages, and (2) any and all other claims, demands, rights, liabilities, damages, penalties, liquidated damages, actions, causes of action and/or other legal responsibilities of Plaintiffs, in any form whatsoever, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date each individual Plaintiff signs this Agreement and (b) have been or could have been asserted by Plaintiffs, whether directly, indirectly, representatively, derivatively or in any capacity, against the Released Entities.

fees and litigation expenses. The amount is fair and reasonable, and Defendants do not contest the amount Plaintiffs' Counsel seeks in fees and expenses.

**B.      The Settlement Represents a Compromise of a Bona Fide Dispute**

"If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's Food Stores,* 679 F.2d at 1354). Additionally, the Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g.*, *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). Thus, when a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a *bona fide* FLSA dispute. *See Lynn's Food Stores*, 679 F.2d at 1355.

"The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). "An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). Relatedly, whether certain travel time is compensable may present a *bona fide* dispute. *See, e.g.*, *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 133 (D.D.C. 2014) (finding that the parties' proposed settlement represented a resolution of a *bona fide* dispute, including whether travel between work sites during the workday was compensable).

A *bona fide* dispute exists between the parties. Plaintiffs Donica, Craven and Mayers allege that during their employment they were misclassified as salaried employees and, therefore, they were non-exempt from the requirements of the FLSA. Plaintiffs Stephens, L. Spires, and D. Spires

allege that during their employment they were misclassified as independent contractors and paid their regular rate of pay for all hours worked, including hours worked over 40. Stephens, L. Spires, and D. Spires also allege that they were not paid for all hours worked because they were required to work off-the-clock. Defendants maintain that no violations of the FLSA have occurred, and that Plaintiffs were always properly compensated.  Further, Plaintiffs Donica and Craven contend that they and other workers were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for Defendants, the site(s), if any, where Plaintiffs met before and after their shift, and the alleged tasks performed at these reporting locations. Conversely, Defendants maintain the Plaintiffs and other workers were not similarly situated and that their claims should be tried independently of one another.

The Parties also disagree on whether Plaintiffs could satisfy their burden to demonstrate that Defendants acted willfully, which in turn affects whether they could recover compensation for two years or three years. See 29 U.S.C. § 255.  Plaintiffs also contend that Defendants would not be able to meet its burden to prove that Defendants acted in good faith in compensating Plaintiffs and other workers like them, which would implicate the amount, if any, of liquidated damages. See 29 U.S.C. § 260.  Defendants maintain they acted in good faith, and not willfully, such that damages (if any) should not include liquidated damages and could be recovered only for a two-year period.

Questions of fact and law exist that place the ultimate outcome of the litigation in doubt. Significant uncertainty exists with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiffs and other workers were properly paid for all hours worked at the appropriate rate.  If Plaintiffs' allegations were ultimately proven correct, even for the limited time period during the relevant window of recovery, Defendants would be faced with the prospect

of a monetary judgment in favor of Plaintiffs, as well as an obligation to pay litigation fees and costs incurred by Plaintiffs. If Defendants' arguments were correct, then Plaintiffs would recover no money, and possibly be required to pay Defendants' costs.

The Parties continue to believe that their respective positions are correct. The Court accordingly should readily conclude that a *bona fide* dispute between the Parties exists. *See Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282 RP, 2016 WL 815355, at *2 (W.D. Tex. Feb., 29, 2016) (acknowledging a *bona fide* dispute exists when the parties both continue to insist that their legal positions are correct). Without the Parties' willingness to engage in settlement discussions, this case would not have been resolved.

C.   **The Settlement Agreement is Fair and Reasonable**

"[T]here is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (quoting *Camp v. Progressive Corp.*, Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

Here, the proposed Settlement Agreement is fair and reasonable to all Parties. The Parties have litigated this case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. *See Tharp v Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *2 (W.D. Tex. July 16, 2018). The Parties' Settlement Agreement is a compromise reached as the result of arms'-length negotiations conducted by opposing counsel at arm's length, which weighs against a conclusion that the parties engaged in collusion. *See Smith v. M-I, LLC*, No. 5:17-CV- 00788-FB-RBF, 2019 WL 2620734, at *2 (W.D. Tex. Feb. 26, 2019) (finding settlement fair and reasonable when it was negotiated by experienced attorneys and reflected an

arms'-length compromise, noting a strong presumption in favor of finding a settlement fair); *see also Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *14–15 (W.D. Tex. Aug. 20, 2018) (approving Rule 23 class settlement as fair and reasonable in part because counsel engaged in a full-day mediation).

The parties on both sides were represented by able counsel throughout this litigation. Proof of Plaintiffs' claims could have been accomplished, if at all, only through extensive and costly discovery for all Parties. Disputed questions of fact and law exist that render ultimate success, for either side, uncertain. Although the Parties believe their case is strong, it is subject to the considerable risk that is inherent in litigation. The presence of such doubt weighs in favor of settlement because settlement creates a certainty and eliminates doubt.

Given the substantial benefit that will be received by Plaintiffs will be made certain by the financial terms of the settlement, Plaintiffs' counsel has determined that the proposed settlement is in the best interest of Plaintiffs. Further, it is important to note that Named Plaintiffs, the representative plaintiffs on behalf of their former coworkers, deem this settlement fair and reasonable. Named Plaintiffs took an active role in this matter and stayed informed on the status of the matter. Thus, taking into account the uncertainty and risks inherent in these cases, and the cost and time that would be required to pursue them further, the Parties agree it is desirable and beneficial to settle them in the manner and under the terms set forth in the Settlement Agreement.

Moreover, the endorsement of a proposed FLSA settlement by both parties is a "factor that weighs in favor of approval" because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008); *see also Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced

counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues" (internal quotations omitted)); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement." (internal citations omitted)).

**D.     The Award for Attorney's Fee and Costs to Plaintiffs' Counsel is Reasonable**

The Settlement Agreement also contains a component of attorneys' fees and costs, payable following complete payment to Plaintiffs. Plaintiffs' counsel aver that this amount is reasonable given the favorable outcome secured for Plaintiffs and the work performed on this case. To date, Plaintiff's counsel has billed in excess of this amount in fees and costs to this matter, at an average blended rate of $219.81. All Parties believe the agreed fee amount is reasonable in this case.

### III.  PRAYER

WHEREFORE, the Parties respectfully request the Court review the Settlement Agreement filed under seal as Exhibit A; approve the Settlement Agreement as a fair and reasonable compromise, and dismiss the lawsuit with prejudice.

Dated:  May 20, 2024.

Respectfully submitted,

**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

Facsimile: (888) 787-2040

BY: */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    Email:  josh@sanfordlawfirm.com
    Sean Short
    Ark Bar No. 2015079
    Email:  sean@sanfordlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**- AND –**

**SPROUSE SHRADER SMITH PLLC**
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, TX 79105-5008
Main:  (806) 468-3300
Fax:  (806) 373-3454

BY:  */s/ Iwana Rademaekers*
    Iwana Rademaekers, Attorney in Charge
    State Bar of Texas No. 16452560
    Email:  iwana.rademaekers@sprouselaw.com
    Holton L. Westbrook
    State Bar of Texas No. 24118822
    Email: holton.westbrook@sprouselaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

      Josh Sanford, Esq.
      Email:  josh@sanfordlawfirm.com

| | |
|---|---|
|   May 20, 2024 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |